UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELONE T. JOHNSON,<br><br>                Plaintiff,<br><br>        v.<br><br>DANIEL GIBSON,<br><br>                Defendant. | No.  2:23–cv–00344-KJM–CKD PS<br><br>ORDER GRANTING IFP REQUEST AND DISMISSING WITH LEAVE TO AMEND |

Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1] (ECF No. 2.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted.

However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry. Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

**Legal Standards**

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Rule 8(a) requires that a pleading be "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Each allegation must be simple, concise, and direct. Rule 8(d)(1); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (overruled on other grounds) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94

(2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986).  The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

**Analysis**

Plaintiff asserts a basis for federal question jurisdiction under the Fair Credit Reporting Act (FCRA), specifically 15 U.S.C. §§ 1681b and 1681n.  (ECF No. 1 at 3.)  Instead of filling out the section of the complaint form asking for "a short and plain statement of the claim," however, plaintiff refers to attached documents.  (Id. at 4.)  These include a December 2022 letter from plaintiff to defendant Gibson at Experian Information Solutions, stating that certain "incorrect" and "disputed" information appears on plaintiff's Experian report.  (Id. at 6-9.)  The letter asserts in conclusory terms that plaintiff's credit report contains "numerous violations of" the FCRA.  (Id. at 6.)  Copies of various paperwork relating to plaintiff's credit report are also attached to the complaint.  (Id. at 7-41.)

Congress enacted FCRA to ensure accurate reporting about the "credit worthiness, credit standing, credit capacity, character, and general reputation of consumers." 15 U.S.C. § 1681(a)(2).  Under FCRA, a consumer may request a copy of his credit report from TransUnion, Equifax, and Experian, the country's "Big Three" credit reporting agencies. TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2201; 15 U.S.C. § 1681g(a).  "Section 1681i provides that consumer reporting agencies such as Experian must 'conduct a reasonable reinvestigation' when an item in the consumer's credit file 'is disputed by the consumer and *the consumer notifies the agency directly ... of such dispute*.'" Warner v. Experian Information Solutions, Inc., 931 F.3d 917, 920 (9th Cir. 2019) (emphasis in original).  Under 15 U.S.C. § 1681n(a), a consumer reporting agency is liable for the *willful* violation of its FCRA obligations and a plaintiff may recover actual damages, attorney's fees, and punitive damages. Moran v. Screening Pros, LLC, 2020 WL 4724307, at *4 (C.D. Cal. July 30, 2020) (emphasis in original), citing Avetisyan v. Equifax Info. Servs. LLC, 2015 WL 1265951, at *5 (C.D. Cal. Mar. 25, 2015).  A FCRA violation is willful if

it is made either knowingly or with reckless disregard for the requirements imposed under the Act. Id. at *4, citing Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 56-60 (2007). A credit reporting agency acts in "reckless disregard" for purposes of the FCRA where its actions involve "an unjustifiably high risk of harm that is either known or so obvious that it should be known." Id., citing Safeco, 551 U.S. at 68. A plaintiff who alleges a "bare procedural violation" of the FCRA, "divorced from any concrete harm," fails to satisfy Article III's injury-in-fact requirement." Id., citing Syed v. M-I, LLC, 853 F.3d 492, 499 (9th Cir. 2017).

Here, plaintiff does not set forth a short and plain statement of his FCRA claim, nor name the credit reporting agency, Experian, as a defendant. He does not allege facts showing that any defendant knowingly or recklessly disregarded FCRA requirements, nor that plaintiff suffered concrete harm as a result of a defendant's actions. His brief and conclusory allegations fail to meet the federal pleading standards under Rules 8 and 12(b)(6). Nor has plaintiff shown a basis for federal jurisdiction. For these reasons, the complaint is subject to dismissal.

Nevertheless, in light of plaintiff's pro se status, the court finds it appropriate to grant plaintiff an opportunity to amend the complaint.

## **STANDARDS FOR AMENDMENT**

If plaintiff elects to file an amended complaint, this new pleading shall:

i. be captioned "First Amended Complaint";
ii. be limited to 20 pages, with text utilizing a font size of 12 Times New Roman or equivalent and double spacing (*pages exceeding the 20-page limit will be summarily stricken and will not be considered part of plaintiff's operative pleading*);
iii. use numbered paragraphs;
iv. set forth his various claims in separate sections and clearly identify which defendants are allegedly at fault for each claim (e.g., Claim I against defendants X, Y, and Z, Claim II against defendants R and S, etc.);
v. under each section, list the factual allegations supporting that particular claim (for brevity, plaintiff may refer to specific prior paragraphs [i.e. "See ¶¶ 25, 34, and 42"], but in no case shall plaintiff "incorporate all preceding paragraphs" for any claims);
vi. include a general background facts section to orient the reader only as necessary;
vii. include his statements for jurisdiction, venue, and relief sought as is necessary;
viii. omit exhibits, documents, photos, or other such "evidence" of his claims (except for any contracts on which he bases any breach of contract claim);
ix. refrain from alleging redundant, immaterial, impertinent, or scandalous matters; and
x. address any other pleading deficiencies outlined above.

This amended complaint shall be filed within 28 days of this order.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file a first amended complaint. If plaintiff determines that he is unable to amend his complaint in compliance with the court's order at this juncture, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

## **PLAIN LANGUAGE SUMMARY FOR A PRO SE PARTY**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the allegations in your complaint and determined that they do not state any claim against the defendant. Your complaint is being dismissed, but you are being given the chance to fix the problems identified in this order.

Although you are not required to do so, you may file an amended complaint within 28 days from the date of this order. If you choose to file an amended complaint, pay particular attention to the legal standards identified in this order which may apply to your claims.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. The complaint (ECF No. 1) is DISMISSED with leave to amend;
3. Plaintiff is granted 28 days from the date of this order to file either (a) an amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice; and
4. Failure to file either an amended complaint or a notice of voluntary dismissal by the

required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated:  July 21, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/johnson344.screening.grant ifp + leave to amend